UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

BRYANT K. NEAL                              CIVIL ACTION NO. 19-0864

                                            SECTION P

VS.

                                            JUDGE TERRY A. DOUGHTY

FRANKLIN PARISH DETENTION                   MAG. JUDGE KAREN L. HAYES
CENTER, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff Bryant K. Neal, a prisoner at Franklin Parish Detention Center ("FPDC")

proceeding pro se and in forma pauperis, filed the instant proceeding on July 3, 2019, under 42

U.S.C. § 1983.  He names the following defendants: Franklin Parish Detention Center, Warden

Chad Lee, Nurse Dana Lee, Nurse Sonja Smith, Sheriff Kevin Cobb, Sergeant Kris Wallace, and

Officer Cameron Easterling.[1]  For reasons that follow, the Court should dismiss Plaintiff's

claims.

## Background

Plaintiff alleges that, following his arrest on July 17, 2018, his "right big toe was cut wide

open & broken bone. [sic]."  [doc. # 1, p. 3].  The arresting officers transported him to jail.  *Id.*

One arresting officer, Sergeant Kris Wallace, informed a correctional officer at the jail, Cameron

Easterling, that Plaintiff "needed medical attention immediately."  [doc. # 8, p. 1].  However,

Plaintiff claims that Easterling failed to provide any medical attention "like the arresting officer

requested . . . ."  *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff alleges that he was bleeding and that his injuries were obvious.  He claims that, despite a sign in the "booking room" that states "'Do Not Book Anyone In With Broken Bones, Obvious Injuries, Or Bleeding,'" booking officers placed him in "population."  [doc. #s 1, p. 3; 8, p. 2].

On July 19, 2018, Plaintiff filed a "sick call form about [his] right big toe . . . ."  [doc. #s 1, pp. 3-4; 8, p. 2].  Nurse Sonja Smith evaluated him, sprayed peroxide on his toe, and sent him back to the dormitory.  [doc. # 1, p. 4].

A week later, a spider bit Plaintiff.  *Id.*  Plaintiff "went back to Nurse Dana Lee . . . ." [doc. # 1, p. 4].  Nurse Lee was "way more careful and serious about [Plaintiff's] situation . . . ." [doc. # 8, pp. 2-3].  When she reviewed Plaintiff's spider bite, as well as the injuries to his "right big toe," she referred him to Doctor Reid.  *Id.* at 3.

"Dr. Reid was very helpful and handle[d] [Plaintiff] with much care."  *Id.*  Dr. Reid treated Plaintiff's spider bite, x-rayed his toe, and provided antibiotics.  *Id.*  After reviewing the x-ray, Dr. Reid diagnosed Plaintiff with a bone marrow infection and immediately referred him to "LSU" because his toe could possibly require amputation.  *Id.*

At LSU, Plaintiff was treated with a "hard shoe" and "medications . . . ."  *Id.*  He returned to LSU for more treatment or evaluation, and a physician there ordered the "'jail' nurse to pull [Plaintiff] out of [the] dormitory AT LEAST 3X times a week to soak [his] right big toe in rubbing alcohol or peroxide because [his] toe nail was going to fall off and re-grow back."  *Id.*

Plaintiff seeks compensation for his pain and suffering, and he asks the Court to enjoin defendants from retaliating against him.  [doc. #s 1, p. 4, 8, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Franklin Parish Detention Center**

Plaintiff names FPDC as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. FPDC does not qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against FPDC.

**3. Medical Care**

A plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); see *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would

5

clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); see *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff fails to plausibly allege that any defendant was deliberately indifferent to a substantial risk of serious medical harm. As above, Plaintiff received care approximately two days after his toe injury: Nurse Sonja Smith evaluated him, sprayed peroxide on his toe, and sent him back to the dormitory. [doc. # 1, p. 4]. One week later, after a spider bit him, Nurse Dana Lee "careful[ly]" evaluated him and referred him to Doctor Reid. [doc. # 8, p. 3]. "Dr. Reid was very helpful and handle[d] [Plaintiff] with much care." *Id.* Dr. Reid treated Plaintiff's spider bite, x-rayed his toe, and provided antibiotics. *Id.* After reviewing the x-ray, Dr. Reid diagnosed Plaintiff with a bone marrow infection and immediately referred him to "LSU"

because his toe could possibly require amputation.  *Id.*  At LSU, Plaintiff was treated with a "hard shoe" and "medications . . . ."  *Id.*  Plaintiff returned to LSU for more treatment.  *Id.*

To the extent Plaintiff faults Nurse Sonja Smith and Nurse Dana Lee, he simply disagrees with the treating professionals' decisions.  While Plaintiff suggests that Nurse Sonja Smith should have rendered better care, his disagreement or dissatisfaction with Nurse Smith's care falls far short of establishing deliberate indifference and does not, consequently, state a plausible claim under the Eighth Amendment.  See *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977)); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).[3]

To the extent Plaintiff seeks relief from Sergeant Kris Wallace, he does not state a plausible claim.  Wallace was not deliberately indifferent to Plaintiff's plight: when Wallace arrived at the jail, he informed Cameron Easterling, a correctional officer at the jail, that Plaintiff "needed medical attention immediately."  [doc. # 8, p. 1].  While Plaintiff suggests that Wallace should have transported him to a healthcare facility rather than to the jail, this allegation, at best, reflects no more than possible negligent conduct.  "[A]cts of negligence do not constitute deliberate indifference . . . ."[4]  *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016).

---

[3] See also *Frazier*, 707 F. App'x at 824 (finding no deliberate indifference where medical staff responded to the plaintiff's complaints and provided consistent care and medication, even though the plaintiff disagreed with the extent and form of treatment); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992) (finding that an inmate received adequate care, even though the treatment may not have been the best, and that any deficiencies in treatment were minimal; moreover, the plaintiff's continuing pain, in and of itself, did not demonstrate that a constitutional violation occurred).

[4] Plaintiff does not allege that the jail lacked medical facilities, medical personnel, or the means by which to arrange care.

Plaintiff claims that Easterling failed to provide any medical attention "like the arresting officer requested . . . ."  [doc. # 8, p. 1].  However, Plaintiff does not allege that the delay, between Easterling's inaction and the care Plaintiff received approximately two days later, caused substantial harm.  See *Galvan v. Calhoun Cty.*, 719 F. App'x 372, 374 (5th Cir. 2018) (recognizing that, to establish liability based on a delay in treatment, a plaintiff must show deliberate indifference to serious medical needs that resulted in substantial harm); c.f. *Galvan v. Calhoun Cty.*, 719 F. App'x 372 (5th Cir. 2018) (holding that an inmate stated a claim where he alleged that his repeated requests to be taken to the hospital for *severe, life-threatening* pain went unanswered by prison officials for several days).

Accordingly, the Court should dismiss these claims.

## 4. Access to Documents

Plaintiff alleges that "guards/staff" refuse to provide administrative remedy forms, medical records, and copies of requests for care that he filed.  [doc. # 8, p. 4].  Even assuming Plaintiff seeks relief from defendants for these allegations, and even construing the allegations liberally and in Plaintiff's favor, he fails to state a plausible claim on which relief can be granted because he does not allege that this alleged custom or practice caused any constitutional violation.[5]  The Court should dismiss this ostensible claim.

## 5. Warden Chad Lee and Sheriff Kevin Cobb

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally

---

[5] Rather than a claim on which he seeks relief, these allegations appear to be in response to the Court's prior instruction to provide copies of any filed grievances or sick-call requests.  [See doc. # 7].  While copies of the documents the Court requested would aid the Court in evaluating Plaintiff's allegations, Plaintiff only needed to provide copies he possessed or copies he could diligently obtain through means other than discovery.

result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.

1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim.*

*Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

Here, Warden Lee and Sheriff Cobb cannot be vicariously liable for the actions of their

subordinates. As Plaintiff does not otherwise allege that either defendant participated in a

constitutional deprivation or implemented a policy so deficient that it deprived Plaintiff of his

constitutional rights, the Court should dismiss Plaintiff's remaining claims.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Bryant K. Neal's

claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on

which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for "restraint from

retaliation," request to explain his proceeding to potential counsel, and request for assistance in

obtaining records, [doc. # 8, pp. 4-6], be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

this recommendation have fourteen (14) days from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

9

legal conclusions accepted by the District Court, except upon grounds of plain error.  *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 10th day of September, 2019.


Karen L. Hayes
United States Magistrate Judge